```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
LEVI LABER,                                                  :
                                                             :    Case No.:
                              Plaintiff,                     :
                                                             :    COMPLAINT
       -  against  -                                         :
                                                             :
UNIQUE MANAGEMENT SERVICES, INC,                             :
d/b/a/ UNIQUE NATIONAL COLLECTIONS                           :
                              Defendant.                     :
------------------------------------------------------------ X
```

LEVI LABER (hereinafter referred to as "Plaintiff"), by and through the undersigned counsel, complains, states and alleges against UNIQUE MANAGEMENT SERVICES, INC, d/b/a/ UNIQUE NATIONAL COLLECTIONS (hereinafter referred to as "Defendants"), as follows:

## INTRODUCTION

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.,* ("FDCPA").

## JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendants conducted business within the State of New York.

## PARTIES

5. Plaintiff is an individual who is a citizen of the State of New York residing in Kings County, New York.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. On information and belief, Defendant is a Kentucky entity with a principal executive office located at 119 East Maple Street, Jeffersonville, IN, 47130-3439.

8. Defendants are regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

9. Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

## **ALLEGATIONS**

10. Upon information and belief, on a date better known by Defendant, a consumer debt belonging to the Plaintiff was assigned or otherwise transferred to Defendants for collection.

11. The Debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

12. On December 17, 2019, Defendant sent a collection letter to Plaintiff. See 12/17/19 collection letter attached hereto as Exhibit 1.

13. This letter stated that Plaintiff allegedly owes the sum of $46.94 on an account originating from the Brooklyn Public Library, Library Account number P13689871, UNC Account number 20650764. See Exhibit 1.

14. On January 30, 2020, Defendant sent a second collection letter to Plaintiff on the same account. See 1/30/20 collection letter attached hereto as Exhibit 2.

15. This letter, however, stated that Plaintiff allegedly owes the sum of $19.60 on the same account from the Brooklyn Public Library, Library Account number P13689871, UNC Account number 20650764. See Exhibit 2.

16. Plaintiff was incredibly confused why the amount would change for no reason.

17. Plaintiff reread the letter in detail attempting to figure out whether the Defendant was adding collection charges, interest, or any other fees or amount, or if one letter included multiple accounts while the other did not, but Plaintiff to date has absolutely no clue what the true amount is or how the Defendant calculated the amount due.

18. Defendant has made it confusing for the Plaintiff to determine how much is really owed and leaves Plaintiff uncertain of the validity and accuracy of this debt.

19. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

20. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

21. 15 U.S.C. § 1692f(1) prohibits the collection of any amount unless such amount is expressly authorized by the agreement creating the debt.

22. Defendant's fluctuating balance is a false representation of the amount of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

23. Defendant's fluctuating balance is a false representation or deceptive means to collect or attempt to collect any debt, in violation of 15 U.S.C. § 1692e(10).

24. Defendant's fluctuating balance is a violation of 15 U.S.C. § 1692f(1) as at least one of those balances is not expressly authorized by the agreement creating the debt.

25. Defendants' conduct, as described, is a violation of 15 U.S.C. § 1692e(2)(A) 15 U.S.C. § 1692e(10) and 15 U.S.C. § 1692f(1).

## JURY DEMAND

26. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

    a. Damages against Defendants pursuant to 15 U.S.C. § 1692k; and

    b. Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

    c. Plaintiff's costs; all together with

    d. Such other relief that the Court determines is just and proper.

Dated: March 31, 2020

Brooklyn, New York

    /s/ Joseph Balisok
Joseph Balisok, Esq.
251 Troy Ave
Brooklyn, NY 11213
Office (718) 928-9607
Fax (718) 534-9747
Joseph@LawBalisok.com
Isaac@LawBalisok.com
Attorney for Defendant